# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

The Cincinnati Insurance
Company,

                    Plaintiff,

v.

Tina Stone, individually and as
next friend of Devon Stone, and
Dustin Gerow,

                    Defendants.

_____/

Case No. 1:19-cv-02153

Michael L. Brown
United States District Judge

## OPINION & ORDER

This insurance coverage dispute arises out of a car accident involving Defendants Tina Stone and Dustin Gerow. Defendant Stone sued Defendant Gerow in state court for negligently causing the accident. Plaintiff The Cincinnati Insurance Company then brought this declaratory action, claiming it is not required to provide coverage or a defense to Defendant Gerow for the state court lawsuit. Plaintiff and Defendants now cross-move for summary judgment. (Dkts. 41; 44; 45.) The Court grants Plaintiff's motion and denies Defendants' motions.

## I.     Background

### A.     The Accident

Jumptastic, Inc. is a company that rents inflatable party items such as bouncy castles and slides.  (Dkt. 58 ¶ 5.)  Defendant Gerow worked there from October 2013 through November 2018.  (Dkt. 60 ¶ 8.)  On February 7, 2016, he was on his way to pick up inflatables for the company when he crashed into Defendant Stone's vehicle.  (*Id.* ¶¶ 3, 18–19, 23.)  Defendant Gerow was driving a Jeep Cherokee at the time.  (Dkt. 58 ¶¶ 9–11.)  Defendant Stone suffered injuries as a result of the crash. (Dkt. 60 ¶ 4.)

### B.     The Insurance Policy

At the time of the accident, the Jeep driven by Defendant Gerow was covered under an insurance policy ("Policy") issued by Plaintiff to Jumptastic.  (*Id.* ¶ 58; *see* Dkt. 53-1 ¶¶ 10–11.)  The Policy includes the following coverage:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> . . . .

2

> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . .  However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply.

(Dkt. 1-5 at 30.)

The Policy includes several coverage conditions, including a notice requirement and a legal papers requirement:

### Section IV – Business Auto Conditions

. . . .

### A. Loss Conditions

. . . .

### 2. Duties in the Event of Accident, Claim, Suit or Loss

> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> **a.** In the event of "accident", claim, "suit" or "loss", we or our representative must receive prompt notice of the "accident" or "loss".  Include:
>
> (1) How, when and where the "accident" or "loss" occurred:
>
> (2) The "insured's" name and address; and
>
> (3) To the extent possible, the names and addresses of any injured persons and witnesses.

The requirements for giving notice of a claim, if not satisfied by the "insured" within 30 days of the date of the "accident", may be satisfied by an injured third party who, as the result of such "accident", has a claim against the "insured".  However, in this event, notice of a claim given by an injured third party must be mailed to us.

**b.** Additionally, you and any other involved "insured" must:

. . . .

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(*Id.* at 16, 36.)[1]  The Policy then says "[n]o one may bring a legal action against us under this Coverage Form until . . . [t]here has been full compliance with all the terms of this Coverage Form."  (*Id.* at 37.)

---

[1] An endorsement appears to have amended Section IV(A)(2)(a) by adding the following language:

This condition applies only when the "accident" or "loss" is known to:

**1.** You, if you are an individual;

**2.** A partner, if you are a partnership;

**3.** An executive officer or insurance manager, if you are a corporation; or

## C.    The State Court Lawsuit

On March 13, 2017, Defendant Stone filed a state court action against Defendant Gerow for negligently causing the car accident.  (Dkt. 53-1 ¶ 1.)  On April 18, 2017, Defendant Gerow acknowledged service and answered the complaint.  (*Id.* ¶¶ 3–4.)  On September 6, 2018, almost a year and a half later, a Jumptastic representative sent Plaintiff an "Automobile Loss Notice" form explaining that Defendant Gerow was involved in a car accident on an "unknown" date.  (Dkts. 41-3; 53-1 ¶ 5.) This was Plaintiff's first notice of the accident.  (*Id.*)  Defendant Stone's first communication with Plaintiff about the accident was on December 14, 2018, when her attorney sent Plaintiff a one-paragraph letter "providing . . . notice of claim for the subject car crash that occurred on February 7, 2016."  (Dkt. 45-6; *see* Dkts. 45-1 at 6, 12; 50 at 40–41, 47– 48; 59 at 11; 60 ¶ 44.)  Plaintiff first heard from Defendant Gerow about the accident in April 2019.  (*See* Dkts. 1 ¶ 23; 44-1 at 12; 50 at 41–42, 47– 48; 57 at 7; 59 at 10.)  Plaintiff did not receive the underlying lawsuit

---

**4.** A member or manager, if you are a limited liability company.

(Dkt. 1-5 at 28.)  None of the parties even mention this endorsement, much less rely on it.

papers until sometime that same month, when Defendant Gerow's attorney forwarded them along.  (*See* Dkts. 44-6; 53-1 ¶ 8; 57-3 at 5; 60 ¶ 67.).

### D.   Procedural History

Plaintiff filed this federal action in May 2019, seeking a declaration that Plaintiff "has no duty or obligation to defend Defendant Gerow [or Jumptastic] or pay any judgment rendered against either Defendant Gerow or Jumptastic as a result of the claims and damages which are the subject of the underlying lawsuit."  (Dkt. 1 at 15.)  Plaintiff says this declaration is warranted because, in violation of the Policy's coverage conditions, Plaintiff did not receive "prompt" notice of the car accident or "immediate[]" copies of the underlying lawsuit papers.  In late 2019, all three parties filed cross-motions for summary judgment.  (Dkts. 41; 44; 45.)

## II.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if

"it might affect the outcome of the suit under the governing law." *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1361.

The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48.

Throughout its analysis, the court must "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable

inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). "It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

## III.  Discussion[2]

### A.    The Policy's Notice Requirement

Plaintiff claims the Policy provides no coverage for the state court lawsuit because Defendants failed to promptly tell Plaintiff about the car accident in violation of the Policy's notice requirement. "Under Georgia law, notice provisions expressly made conditions precedent to coverage are valid and must be complied with unless there is a showing of

---

[2] Pursuant to Local Rule 56.1, the Court generally disregards any evidence or facts not included — in the required format — in the parties' statement of material facts. *See* LR 56.1, NDGa.; *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (compliance with Local Rule 56.1, which the Eleventh Circuit holds in "high esteem," is "the only permissible way . . . to establish a genuine issue of material fact"); *see also Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record."). The Court also declines to "distill every potential argument that could be made based upon the materials before it on summary judgment. . . . [T]he onus is upon the parties to formulate arguments." *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

justification." *OneBeacon Am. Ins. Co. v. Catholic Diocese of Savannah*, 477 F. App'x 665, 670 (11th Cir. 2012). In other words, "when an insurance policy includes a notice requirement as a condition precedent to coverage, and when the insured unreasonably fails to timely comply with the notice requirement, the insurer is not obligated to provide a defense or coverage." *Forshee v. Employers Mut. Cas. Co.*, 711 S.E.2d 28, 31 (Ga. Ct. App. 2011). "Issues about the adequacy of notice or the merit of an insured's alleged justification are generally ones of fact, but in a particular case a court may rule on them as a matter of law." *Catholic Diocese of Savannah*, 477 F. App'x at 671. "The insured has the burden of showing justification for a delay in providing notice." *Id.* at 670.

## 1. Whether the Notice Requirement is a Condition Precedent

The Policy here includes the following notice requirement: "In the event of 'accident', claim, 'suit' or 'loss', we or our representative must receive prompt notice of the 'accident' or 'loss'." This requirement is a condition precedent to coverage because (1) it appears under the headings "Business Auto Conditions," "Loss Conditions," and "Duties in the Event of Accident, Claim, Suit or Loss"; (2) the Policy says Plaintiff has "no duty to provide coverage . . . unless there has been full compliance with" the

requirement; and (3) the Policy also says "[n]o one may bring a legal action against us under this Coverage Form until . . . [t]here has been full compliance with all the terms of this Coverage Form."  *See State Farm Fire & Cas. Co. v. LeBlanc*, 494 F. App'x 17, 21 (11th Cir. 2012) ("[T]he notice provisions appear under sections entitled, 'General Conditions,' and a subsection entitled, 'Duties in the Event of . . . Claim or Suit.'  This language clearly expresses the intention that the notice provisions be treated as conditions precedent to coverage."); *Lankford v. State Farm Mut. Auto. Ins. Co.*, 703 S.E.2d 436, 438–39 (Ga. Ct. App. 2010) (policy "required notice as a condition precedent to recovery of insurance benefits" where it said "there is no right of action against [the insurer] until all the terms of this policy have been met").[3]  Defendants must

---

[3] *See also Mt. Hawley Ins. Co. v. AIKG, LLC*, 2019 WL 3526506, at *7 (N.D. Ga. July 29, 2019) ("the Policy language expressly makes the notice provision a condition precedent to coverage" because (1) the provision "appears under sections entitled, 'Conditions' and a subsection entitled, 'Duties in the Event of Occurrence, Claim or Suit'" and (2) "the Policy provides that the failure to [provide prompt notice] could result in denial of coverage under the policy"); *Progressive Mountain Ins. Co.. v. Bishop.*, 790 S.E.2d 91, 94 (Ga. Ct. App. 2016) ("notice provision . . . creates a condition precedent to coverage" if the policy states "[w]e may not be sued unless there is full compliance with all the terms of this policy").

therefore "show that [they] complied with the notice provision or demonstrate justification for failing to do so." *Bishop*, 790 S.E.2d at 95.[4]

### 2. Whether Defendants Complied with the Notice Requirement

No reasonable jury could find that Defendants (or anyone else) complied with the notice provision here. The Policy required "prompt" notice of the accident. "Georgia precedent shows that 'prompt' has the same meaning as terms like 'as soon as practicable' and 'immediate.'" *LeBlanc*, 494 F. App'x at 22. When used as an adjective, "prompt" also "denotes responding instantly or immediately." *Id.* The notice here cannot be described as any of these things. It is undisputed that Plaintiff was not told about the accident until September 6, 2018. That was more than two and half years after the accident, about eighteen months after the underlying lawsuit was filed, and more than sixteen months after Defendant Gerow received and answered the state court complaint. "Courts applying Georgia law have held delays of four months to one year preclude recovery as a matter of law." *Johnson Landscapes, Inc. v. FCCI*

---

[4] The Policy permits *anyone* to notify Plaintiff about the accident, but the Court focuses on Defendants (and, by extension, Jumptastic) here because that is what the parties' briefs do and because there is no claim that anyone else is relevant to the notice inquiry.

*Ins. Co.*, 2015 WL 10891934, at *9 (N.D. Ga. Feb. 13, 2015); *see 105 R.R. St., LLC v. Great Lakes Reinsurance (UK) SE*, 2016 WL 9454412, at *3 (N.D. Ga. Dec. 21, 2016) ("Courts applying Georgia law hold that unexcused delays as short as three months preclude recovery as a matter of law."). The delay here falls well beyond even the upper boundary of that range.

Defendant Stone claims she complied with the notice provision when she mailed her letter to Plaintiff in December 2018. She says this is so because the notice provision does not require notice to be "prompt" if it is mailed by "an injured third party" instead of an insured. The Court disagrees. The notice provision includes several requirements, including that the notice be "prompt" and that it contain certain information. The provision then says that "the[se] requirements . . . , if not satisfied by the 'insured' within 30 days of the date of the 'accident', may be satisfied by an injured third party . . . . However, in this event, notice . . . must be mailed to us." All this means is that an injured third party can provide notice after thirty days but that, in addition to satisfying the normal requirements, it also must ensure its notice is sent by mail. In other

12

words, the injured third party must still "satisf[y]" the baseline "requirements for giving notice," including the promptness requirement.

A contrary reading would allow an injured third party to provide literally *any* notice at *any* time so long as it was mailed.  That would gut the provision because the "requirements" it spells out would almost never be requirements at all — they could always be circumvented by having notice go through the injured third party instead of the insured.  *See Milliken & Co. v. Georgia Power Co.*, 839 S.E.2d 306, 309 (Ga. Ct. App. 2020) ("[A]ny construction that renders portions of the contract language meaningless should be avoided.").

Defendant Stone's reading would also undermine the whole point of having a notice provision in the first place, which is "to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised whether it is prudent to settle any claim arising therefrom." *Se. Exp. Sys., Inc. v. S. Guar. Ins. Co. of Georgia*, 482 S.E.2d 433, 436 (Ga. Ct. App. 1997).[5]  As Defendant Stone would have it, an injured third

---

[5] *See also Richmond v. Georgia Farm Bureau Mut. Ins. Co.*, 231 S.E.2d 245, 250 (Ga. Ct. App. 1976) ("The purpose of the notice provision in an

party could simply litigate his underlying suit to verdict and then mail his judgment to the insurer for payment, even if the insurer had never heard of the accident or the case until that point. This would be a striking departure from well-established insurance practice, not to mention common sense. Ultimately, Defendant Stone's interpretation is both illogical and foreclosed by the plain language of the Policy. The Court declines to adopt it. *See Auldridge v. Rivers*, 587 S.E.2d 870, 872 (Ga. Ct. App. 2003) (assigning a particular meaning to contractual language where "no other meaning makes sense and no other interpretation is plausible"); *Brown v. Kennedy*, 267 S.E.2d 503, 505 (Ga. Ct. App. 1980) (declining to adopt a contractual "interpretation [that] would be illogical").[6]

---

insurance policy is to enable an insurer to investigate promptly the facts surrounding the occurrence while they are still fresh and the witnesses are still available, to prepare for a defense of the action, and, in a proper case, to determine the feasibility of settlement of the claim.").

[6] Curiously, the baseline "requirements" spelled out by Section IV(A)(2)(a) apply to "notice of the *accident* or *loss*," whereas the mailing requirement for injured third parties applies to "notice of a *claim*." To the extent this language refers to different notices (which no one argues), Defendants' noncompliance is even more apparent because they cannot rely on the mailing requirement to save their otherwise deficient *accident* notice.

### 3.    Whether Defendants' Noncompliance was Justified

Defendants have also failed to establish a reasonable justification for their noncompliance with the notice provision.  In fact, nowhere in their briefs do they even try to offer a justification — at least not explicitly anyway.  Defendant Gerow comes closest to making an attempt.  He says (1) Defendant Stone "gave Plaintiff prompt notice of the lawsuit immediately upon learning about Plaintiff"; and (2) "legal counsel for Stone and legal counsel for Gerow each provided Plaintiff with notice of the lawsuit as soon as they discovered Gerow was working on behalf of Jumptastic at the time of the accident."  (Dkt. 44-1 at 11–12 & n.2.)

Notably, Defendant Stone does not make these arguments, even though it is her alleged actions that largely underly them.  Even more notably, Defendant Gerow cites no evidence or authority in support of either assertion.  And the record appears to contradict both.  Defendant Gerow testified in his June 2018 deposition that he was working for Jumptastic when the accident occurred.  (Dkt. 48 at 8, 22–24.)  Yet Defendant Stone did not contact Plaintiff about the accident until December 2018.  And Defendant Gerow did not do so until April 2019. These delays do not show diligence.  *See Catholic Diocese of Savannah*,

477 F. App'x at 671 ("diligence in providing notice" is relevant to any "proposed justification" for noncompliance).  Given the undisputed facts here, no reasonable jury could find that Defendants justifiably failed to comply with the Policy's notice requirement.

Defendants counter that Plaintiff was not prejudiced by their noncompliance with the notice requirement.  (Dkts. 44-1 at 12 n.2; 45-1 at 16.)  But this argument does not cure their otherwise unreasonable failure to provide timely notice.  For one thing, it is unclear whether Plaintiff really did suffer no prejudice here.  By the time Plaintiff heard about the accident, the underlying lawsuit was eighteen months old and Defendant Gerow had already been deposed.  This could reasonably be viewed as prejudicial because it "deprived [Plaintiff] of the right to provide and to control the defense of the case" during a substantial and critical portion of the litigation, including "investigation of the claim, selection of counsel, theories of defense, conduct of discovery, and [preliminary] trial strategy."  *Se. Exp. Sys.*, 482 S.E.2d at 436 (finding the insurer's "rights were clearly prejudiced by the lack of notice as a matter of law").

But even if Plaintiff was not prejudiced, "Georgia law is clear . . . that an insurance company does not need to show prejudice to bar coverage due to untimely notification." *Catholic Diocese of Savannah*, 477 F. App'x at 672; *see Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 780 S.E.2d 501, 510 (Ga. Ct. App. 2015) ("[W]hen specified notice is a valid condition precedent to coverage, an insurer is not required to show actual harm from a delay in notice in order to justify a denial of coverage based on such failure of a condition precedent."); *Se. Exp. Sys.*, 482 S.E.2d at 436 ("[C]ontrary to appellants' contentions, appellee was not required to show it was prejudiced by appellants' failure to give notice, as the notice requirement was a condition precedent under the policy.").

The rule instead is this: "[A]n insured that cannot demonstrate justification for failure to comply with a notice provision that is expressly made a condition precedent to coverage is not entitled to either a defense or coverage, even if the insurer does not show actual harm from a delay in notice." *Bishop.*, 790 S.E.2d at 94.   That rule applies here and

precludes coverage under the Policy for the state court claims.  Plaintiff

is therefore entitled to summary judgment.[7]

## B.    The Policy's Papers Requirement

Plaintiff claims the Policy does not cover the state court lawsuit for

the additional reason that neither Defendant Gerow nor any other

insured "immediately" sent Plaintiff copies of the suit papers.

No reasonable jury could disagree.

The Policy requires an insured to "[i]mmediately send [Plaintiff]

copies of any request, demand, order, notice, summons or legal paper

received concerning the claim or 'suit'."  This requirement is a condition

precedent to coverage for the same reasons as the notice provision:

---

[7] Some Georgia courts have said that, while an insurer "is not required
to show prejudice resulting from an alleged failure to [provide timely
notice], the insurer's failure to demonstrate prejudice *may* be
considered." *JNJ Found. Specialists, Inc. v. D.R. Horton, Inc.*, 717 S.E.2d
219, 226 (Ga. Ct. App. 2011) (emphasis altered).  Other courts have
disagreed. *See, e.g.*, *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.*,
209 S.E.2d 6, 10 (Ga. Ct. App. 1974) ("The trial court need not find
*nor should it consider*, the prejudice to the insurer, if any, that may have
resulted from the insure[d]'s delay." (emphasis added)).  And, applying
Georgia law, the Eleventh Circuit has held that a district court does not
"err[] in failing to consider whether [the insurer] was prejudiced by
[its insured's] delay in giving notice." *LeBlanc*, 494 F. App'x at 21–22.
Even considering Plaintiff's prejudice here, the Court's conclusion
remains unchanged: the Policy's notice provision still precludes coverage
for the underlying lawsuit.

it appears under the same Policy headings and is subject to the same Policy language conditioning coverage on compliance.  It is undisputed that Plaintiff did not receive any suit papers until April 2019 at the earliest — two years after the lawsuit was filed and more than three years after the accident.  This delay, for which Defendants offer no excuse (much less a reasonable one), clearly violates the Policy's immediacy requirement and precludes coverage.  *See Granite State Ins. Co. v. Nord Bitumi U.S., Inc.*, 422 S.E.2d 191, 193–94 & n.3 (Ga. 1992) (finding that an insured "forwarded the suit papers to [its insurer], but not for 46 days," and that this delay precluded coverage because the policy required insureds to "immediately forward" papers); *Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 674 S.E.2d 617, 619 (Ga. Ct. App. 2009) ("four-month delay," unaccompanied by a "reasonable explanation," precluded coverage because it "violated the provision of the policies requiring that legal papers arising out of a claim or suit be immediately forwarded to Hartford"); *Brooks v. Forest Farms, Inc.*, 357 S.E.2d 604, 608 (Ga. Ct. App. 1987) ("It is clear that, whatever the permissible parameters of 'immediate' notice, those parameters have been exceeded

[by] Appellee's failure to give notice to appellant until some 24 days after its receipt of the [papers].").[8]

Because no reasonable jury could find that Defendants (or any other relevant person) complied with the Policy's notice and papers requirements, Defendants are not entitled to coverage for the state court lawsuit and Plaintiff is entitled to summary judgment. The Court therefore issues the declaration sought by Plaintiff, namely, that "Cincinnati has no duty or obligation to defend Defendant Gerow [or Jumptastic] or pay any judgment rendered against either Defendant Gerow or Jumptastic as a result of the claims and damages which are the subject of the underlying lawsuit." (Dkt. 1 at 15.)

---

[8] *See also Johnson & Bryan, Inc. v. Republic-Franklin Ins. Co.*, 2017 WL 6597930, at *2, 4 (N.D. Ga. Nov. 20, 2017) ("72-day delay between receiving the [demand] letter and providing notice to Defendant" precluded coverage because plaintiff offered no "viable excuse" for violating the policy's requirement that insureds "immediately send us copies of any . . . legal papers received"); *Holbrook-Myers Co. v. Transportation Ins. Co.*, 354 F. Supp. 2d 1349, 1354–55 (N.D. Ga. 2005) ("[A] delay of four months in forwarding a copy of the complaint and of 44 days in forwarding the intent to sue letter . . . . violated the policy provision requiring immediate forwarding to [the insurer] of copies of any legal papers received in connection with a claim or suit."). Plaintiff's prejudice is also irrelevant here because the papers requirement is a condition precedent to coverage. *See Johnson & Bryan*, 2017 WL 6597930, at *4 n.4 ("Because the [suit papers] provision here is expressly a condition precedent, the Court does not consider prejudice.").

## IV.   Conclusion

The Court **GRANTS** Plaintiff The Cincinnati Insurance Company's Motion for Summary Judgment (Dkt. 41).   The Court **DENIES** Defendant Dustin Gerow's Motion for Summary Judgment (Dkt. 44) and Defendant Tina Stone's Motion for Summary Judgment (Dkt. 45).

**SO ORDERED** this 10th day of September, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

21